IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sean Bass, Individually and Behalf All Others Similarly Situated, | CIVIL ACTION NO: _2:16-cv-1964-_RMG |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT (Jury Trial Requested) |
| v. | |
| 817 Corp., DBA Gene's Haufbrau, Jason Stalker, and Liam Tyrrell *individually,* | |
| Defendants. | |

Plaintiff Sean Bass, individually and on behalf of all others similarly situated, by way of their Complaint in the above-captioned matter, alleges the following claims against Defendants, 817 Corp., DBA Gene's Haufbrau, Jason Stalker and Liam Tyrell individually, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCPWA").

**<u>NATURE OF CLAIM</u>**

1.      This is an action for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).  Plaintiff is former employee of Defendants. Defendants engaged in a practice of wage theft whereby they illegally claimed a tipped credit to reduce the hourly wages below the Federal Minimum Wage of $7.25.

2.      Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated employees of the Defendants who worked as servers and who suffered damages as a result of Defendants' violations of the FLSA.

1

3.      Plaintiff also brings individual and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, *et seq*. (SCPWA).

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Sean Bass is a citizen and a resident of Charleston County, South Carolina.

5.      Defendant, 817 Corp., is a for-profit limited liability South Carolina Corporation, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

6.      Defendant, Jason Stalker, is a citizen and resident of Charleston County, South Carolina.

7.      Defendant, Liam Tyrrell, is a citizen and resident of Charleston County, South Carolina.

8.      Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

9.      Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated servers who were not paid the federal minimum wage, and had improper deductions from their wages and tips while working for Defendants at Gene's Haufbrau restaurant.

10.     This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

11.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

12.     Defendant 817 Corp, is a South Carolina limited liability company that operates Gene's Haufbrau, a restaurant located at 817 Savannah Highway, Charleston, SC 29407.

13.     Defendant Jason Stalker is an owner and manager of Gene's Haufbrau and 817 Corp. Defendant Stalker acts directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.  Defendant Stalker managed, owned and/or operated Gene's Haufbrau, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority Jason Stalker was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

14.     Defendant Liam Tyrrell is the General Manager of Gene's Haufbrau and 817 Corp. Defendant Tyrrell acts directly and/or indirectly in the interest of Defendants in relation to Plaintiff and similarly situated employees.  Defendant Tyrrell managed and operated Gene's Haufbrau, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant Tyrrell was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

15.    The Defendants employed Sean Bass from November 9, 2006 to February 11, 2016.

16.    Plaintiff was employed as a server.  His primary job responsibilities included taking customers drink and food orders.

17.    Plaintiff and other similarly situated employees had an employment agreement whereby Defendants paid Plaintiff an hourly rate for all hours worked plus tips.

18.    Plaintiff was paid $2.13 an hour, however he received a raised in late 2015 to $4.50 an hour.

19.    Defendants paid Plaintiff, and other similarly situated servers, less than the statutory minimum $7.25 wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

20.    Defendants violated the tip credit notice requirement of 29 U.S.C. § 203(m), because they did not inform the employees that they intend to treat tips as satisfying part of their minimum wage obligation. Defendants did not notify Plaintiff or similarly situated employees of their policy regarding the FLSA's tip credit provisions.

21.    Defendants failed to notify Plaintiff, as well as other similarly situated employees, regarding the provisions of their tip policy.

22.    Defendants failed to inform the Plaintiff, as well as other similarly situated employees regarding the amount of the tip credit they were taking.

23.    Defendants failed to inform Plaintiff as well as other similarly situated employees regarding the amount of tip pool contributions they would be required to make either before or after they were hired.

24.     Defendants required Plaintiff and similarly situated servers to participate in a mandatory "tip pool" which included tipping the Owners, Managers and General Managers.

4

25.    Defendants required Plaintiff and similarly situated servers to pay the Owners, the General Manager and other Managers a percentage of their gross alcohol sales when they assisted the bartender or worked shifts as a bartender.

26.    Defendant Stalker worked approximately four (4) shifts a week as a bartender and/or assisted behind the bar. When he worked these shifts, Defendant Stalker required the Plaintiff and similarly situated servers to pay him a percentage of their gross alcohol sales from their tips.

27.    Defendant Tyrrell worked approximately five (5) shifts a week as a bartender and/or assisted behind the bar. When he worked these shifts, Defendant Tyrrell required the Plaintiff and similarly situated servers to pay him a percentage of their gross alcohol sales from their tips.

28.    The other managers also occasionally worked shifts as a bartender and/or assisted behind the bar. When the managers worked these shifts, they required the Plaintiff and similarly situated servers to pay them a percentage of their gross alcohol sales from their tips.

29.    Defendant Stalker, is a owner of Gene's Haufbrau and is not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

30.    Defendant Tyrrell, is the General Manager of Gene's Haufbrau and is not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

31.    The Managers of Gene's Haufbrau and are not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

32.    The Managers regularly required Plaintiff and other servers to pay them a percentage of their gross alcohol sales from their tips.

5

33.     The General Managers and Manager's primary duties included hiring, firing supervising and disciplining employees.

34.     The General Manager, Defendant Stalker and other Managers were unlawfully included in the tip pool.

35.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because Defendants retained portions of Plaintiff's and similarly situated employees tips for their own purposes.

36.     Plaintiff complained to Defendant Stalker and Defendant Tyrrell about the policy of requiring him and other servers to tip them a percentage of their gross alcohol sales.

37.     A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. https://www.dol.gov/whd/regs/compliance/whdfs15.htm

38.     Defendants had a willful policy of taking a portion of their servers tips directly from them each shift and using them for their own purposes.

39.     Defendants actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

40.     As a result of the Defendants' mandatory tip pool, the Defendants violated the rights of the Plaintiff and similarly situated employees by failing to pay these employees the federally mandated minimum wage of $7.25 an hour.

41.     Defendants also required Plaintiff and similarly situated employees to pay for walk-outs and incorrectly placed food orders thereby further reducing their wages below the minimum wage.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claim)

42.     Plaintiff, on behalf of himself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein. At all times pertinent to this Complaint, 817 Corp DBA Gene's Haufbrau engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

43.     At all times relevant to this Complaint, 817 Corp DBA Gene's Haufbrau's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).  Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA

44.     The business of 817 Corp DBA Gene's Haufbrau's was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Hymans is subject to, and covered by, the Fair Labor Standards Act.

45.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

46.     The FLSA mandates that Defendants compensate non-exempt employees at minimum wage rate of $7.25 per hour.

47.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing Defendants to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips amongst those who customarily and regularly receive tips.

48.     When the Defendants and Managers shared in the Tip Pool and took a percentage of the tip pool, the tip pool was invalidated.

49.     Without the benefit of the tip credit provision, the Defendants must pay the Plaintiff and similarly situated employees the statutory minimum wage of seven and 25/100 ($7.25) per hour.

50.     Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants did not permit Plaintiff and other similarly situated employees to retain all the tips they received.

51.     Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants unlawfully retained portions of the tips received by Plaintiff and other similarly situated employees for Defendants' own profit.

### FOR A SECOND CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual and Class Action)

52.     Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

53.     Plaintiff and similarly situated employees worked for Defendants with the clear understanding and agreement by Defendants that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

54.     Plaintiff and similarly situated employees had an employment agreement with Defendants whereby they would be paid for all hours worked plus tips.

55.     Each Defendant is an "employer" as defined by the S.C. Code Ann § 41-10-10(1).

56.     S.C. Code Ann § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or

8

commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract".

57.     Defendants owe Plaintiff and the members of the Plaintiff's class "wages" as defined in S.C Code Ann. § 41-10-10 (2) of the SCPWA, to compensate them for labor rendered to Defendants, as promised to Plaintiff and similarly situated employees and as required by law.

58.     Pursuant to the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

59.     Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

60.     Defendants have failed to pay Plaintiff and similarly situated servers all wages due, as required by SCPWA.

61.     Defendants improperly deducted money from Plaintiff and similarly situated employees' wages, in violation of the SCPWA by requiring Plaintiff to pay them when a customer walked out without paying their bill.

62.     Defendants have failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by the SCPWA, S.C. Code §§41-10-40 and -50.

63.     Defendants also failed to pay Plaintiff and similarly situated servers according to their employment agreement.

64.     Accordingly, Plaintiff as well as similarly situated employees are entitled to receive all compensation due and owing to them including recovery of their tips that Defendants unlawfully took from them in excess of the minimum wage.

65.     Pursuant to S.C. Code § 41-10-80(C), Plaintiff and the members of the Plaintiff's class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, seeks judgment against the Defendants as follows:

a.  That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b.  Judgment against Defendants for an amount equal to Plaintiff and similarly situated employees' wages at the applicable hourly rate of $7.25;

c.  Judgment against Defendants for the amount of unlawfully retained portions of the tips they received from Plaintiffs;

d.  An award of compensatory damages in an amount equal to the unpaid overtime compensation and minimum wages owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

e.  An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

f.  An award of treble damages pursuant to the South Carolina Payment of Wages Act;

g.  Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

h.  An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

i.  Restitution of wages and gratuities improperly retained by Defendant

j.  All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Bass, individually and on behalf of all other similarly situated employees hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
Phone & Fax (800) 385-8160 Fax
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

June 15, 2016
Mount Pleasant, South Carolina.

11