IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sean Bass, *individually and on behalf of others similarly situated,* ) ) ) Plaintiff, ) ) vs. ) ) 817 Corp., Jason Stalker, and Liam Tyrrell, ) ) Defendants. ) ) | Civil Action No.: 2:16-cv-1964-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's South Carolina Payment of Wages Act (SCPWA) claims pursuant to Rules 12 of the Federal Rules of Civil Procedure. (Dkt. No. 9). For the reasons below, the Court denies the motion.

## I. Statement of Facts[1]

Defendant 817 Corp is a South Carolina limited liability company that operates Gene's Haufbrau, a restaurant located in Charleston, South Carolina. Defendant Stalker is an Owner and Manager of Gene's Haufbrau and 817 Corp, and Defendant Tyrell is the General Manager of Gene's Haufbrau and 817 Corp. Defendants employed Plaintiff as a server from November 9, 2006 to February 11, 2016.

Defendants required Plaintiff and similarly situated servers to participate in a mandatory tip pool, which included tipping the Owners, Managers, and General Manager (collectively, "Management"). Defendants failed to inform Plaintiff and other similarly situated employees at any time regarding the amount of tip pool contributions they would be required to make. In addition, Defendants required Plaintiff and similarly situated servers to pay the Management a percentage of their gross alcohol sales when they worked shifts as bartenders or assisted

---

[1] Due to the procedural posture of this case, all facts appear as alleged by Plaintiff in his amended complaint.

1

bartenders. Defendants Stalker and Tyrrell worked 4 or 5 such shifts each week on average, and other Management occasionally worked such shifts.

Plaintiff asserts two causes of action: (1) violations of the Fair Labor Standards Act (FLSA), and (2) violations of the South Carolina Payment of Wages Act (SCPWA). (Dkt. No. 1). Plaintiff's second cause of action alleges, *inter alia*, that Defendants violated the SCPWA by (1) failing to pay Plaintiff and other similarly situated servers all wages due, (2) failing to pay Plaintiff according to their employment agreement, and (3) improperly withholding wages without advance notice or any lawfully sufficient reason. Defendant subsequently filed a motion to dismiss Plaintiff's SCPWA claim, arguing that (1) tips are not considered "wages" under the SCPWA; (2) the FLSA preempts the SCPWA claim; and (3) Plaintiff failed to plead sufficient facts to meet the *Twombly/Iqbal* plausibility standard. (Dkt. No. 9).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a

light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendants' motion to dismiss asserts that Plaintiff's SCPWA claim should be dismissed because (1) tips are not considered "wages" under the SCPWA; (2) the FLSA preempts the SCPWA claim; and (3) Plaintiff failed to plead sufficient facts to meet the *Twombly/Iqbal* plausibility standard. (Dkt. No. 9). The Court addresses each argument below.

**1. Tips are wages under SCPWA**

Plaintiff alleges that Defendants unlawfully withheld wages owed to him and other similarly situated employees by, *inter alia*, forcing them to contribute to a mandatory tip pool that included ineligible manager participants. Defendants claim that withholding tips does not violate the SCPWA because tips do not constitute wages under the SCPWA. (Dkt. No. 21 at 3–8). To address this issue, this Court must necessarily determine the state law question of whether tips are "wages" within the meaning of the SCPWA.

The issue of whether tips constitute wages has arisen several times recently in the United States District Court for the District of South Carolina. *Carbone v. Zen 333 Inc.*, No. 2:16-CV-

0108-DCN, 2016 WL 7383920, at *4 (D.S.C. Dec. 21, 2016) (holding that tips constitute wages under the SCPWA); *Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-CV-02136-BHH, 2016 WL 3125467, at *5 (D.S.C. June 3, 2016) (same); *Gardner v. Country Club, Inc.*, No. 4:13-CV-03399-BHH, 2016 WL 3125469, at *5 (D.S.C. June 3, 2016) (same); *Spallone v. SOHO Univ., Inc.*, No. 4:15-CV-1622-RBH, 2015 WL 5098154, at *5 (D.S.C. Aug. 31, 2015) (allowing a claim alleging that tips constituted wages under the SCPWA to survive without determining whether tips actually constituted wages because defendants asserted only that the FLSA preempted the SCPWA claim); *Foster v. M5 Hosp. Grp., LLC*, No. 4:14-CV-4517-RBH, 2015 WL 5024404, at *5 (D.S.C. Aug. 24, 2015) (same); *see also Browder v. Peninsula Grill Associates, LLC*, No. 2:14-CV-4135-PMD, 2015 WL 4389502, at *1 (D.S.C. July 15, 2015) (noting that the original complaint contained a SCPWA claim asserting that tips were wages within the meaning of the SCPWA; however, the amended complaint dropped this claim). Neither the South Carolina Supreme Court nor the South Carolina Court of Appeals has addressed this issue.

"The cardinal rule of statutory interpretation is to determine the intent of the legislature." *Bass v. Isochem*, 617 S.E.2d 369, 377 (S.C. Ct. App. 2005). The Court begins with the plain language of the statutory text. To the extent the language is unambiguous, the Court applies the statute according to its literal meaning. But if the statutory language gives rise to any uncertainty, the Court then turns to additional canons of statutory construction, with a goal to resolve any ambiguity "in favor of a just, beneficial, and equitable operation of the law." *Id.* 378.

> S.C. Code Ann. § 41-10-10(2) defines "wages" as
>
> all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of

4

> calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. Funds placed in pension plans or profit sharing plans are not wages subject to this chapter.

Here, the literal meaning of "*all* amounts for which labor rendered is recompensed" suggests that the statute covers just that—all amounts. Moreover, the broad language that follows the clause to include amounts "fixed or ascertained" by any "method of calculating the amount" is intended to reinforce the comprehensiveness of "all amounts" rather than limit the term. Finally, the statutory text specifically excludes only funds placed in pension plans or profit sharing plans from the definition of wages.

Tips are an amount for which tipped employees are recompensed for labor rendered. The amount is ascertainable by simple addition. And tips are not specifically excluded by the statute. Accordingly, the plain language of the statute leads the Court to conclude that tips are wages within the meaning of the SCPWA.

The statute's remedial purpose also supports this conclusion. Although the Court first looks to a statute's language to construe and enforce the intent of the legislature, the Court also reads it in light of the statute's purpose. The SCPWA "is remedial legislation designed to protect working people and assist them in collecting compensation wrongfully withheld." *Dumas v. InfoSafe Corp.*, 463 S.E.2d 641, 645 (S.C. Ct. App. 1995). It was enacted "to protect employees from the unjustified and wilful retention of wages by the employer." *Rice v. Multimedia, Inc.*, 456 S.E.2d 381, 383 (S.C. 1995). The Court's literal statutory construction—that is, interpreting "all amounts" to include tips—is within the spirit of the SCPWA's remedial purposes.

Defendants cite the Fair Labor Standards Act and its associated regulations as support for their argument that tips are not wages under the SCPWA. (Dkt. No. 9 at 3–5 ("Because of these FLSA restrictions, the tips Plaintiff is seekeing should not be considered 'wages' under the

5

Payment of Wages Act.")). Defendants also cite the Maryland Wage Payment Collection Law and the transcript of a hearing in which a U.S. District Court judge in District of Maryland "discussed why it would be inappropriate to include 'tips' within the definition of 'wage'" for the purposes of the Maryland statute. (*Id.* at 5–7). As discussed above, the Court's starting point for statutory interpretation is the language of the statute itself, not the language of other statutes that use similar language. The Court finds Defendants' arguments unpersuasive and denies their motion to dismiss for failure to state a claim.

### 2. The FLSA does not preempt Plaintiff's SCPWA claim

Defendants next argue that the FLSA preempts Plaintiff's SCPWA claim because even if tips are considered wages under the SCPWA, "an employer's withholding or diversion of tips would violate the act *only* if the withholding or diversion violated the FLSA." (Dkt. No. 9 at 8 (emphasis in original)). This argument is identical[2] to the argument recently rejected by in *Carbone v. Zen 333 Inc.*, No. 2:16-CV-0108-DCN, 2016 WL 7383920, at *4–6 (D.S.C. Dec. 21, 2016). The Court agrees with Judge Norton's thorough reasoning in *Carbone*, and, because the argument is purely legal, rejects Defendants' preemption argument for the same reasons.

### 3. Plaintiff has properly pleaded the Rule 23 class action requirements

Finally, Defendants argue that Plaintiff failed to sufficiently plead the class action requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. (Dkt. No. 9 at 20). To support their argument, Defendants cite the *Twombly/Iqbal* pleading standards and *Lusted v. San Antonio Independent School District*, 741 F.2d 817, 820–821 (5th Cir. 1984).

Here, Plaintiff's amended complaint specifically prays for class relief and contains allegations addressing Rule 23's requirements. (*See* Dkt. No. 7 at ¶¶ 4–5, 13–14). These

---

[2] *Compare* Dkt. No. 9 at 8–20 (arguing that the FLSA preempts SCPWA for withheld tips), *with Carbone v. Zen 333 Inc.*, No. 2:16-CV-0108-DCN, Dkt. No. 32 at 8–20 (making the same argument verbatim).

allegations contain few facts, but are sufficient to state a claim for relief that is plausible on its face. It would be premature to dismiss Plaintiff's class claims at this stage of the proceedings, and the Court declines to dismiss Plaintiff's class claims at this time.

## IV. Conclusion

For the abovementioned reasons, the Court **DENIES** Defendants' motion to dismiss. (Dkt. No. 9).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 7, 2017
Charleston, South Carolina